Brown *v.* McClanahan.

WM. BROWN *v.* H. McCLANAHAN.

BILLS AND NOTES. *Pleading and practice. Non est factum.* A note signed by making a mark may be read in evidence, unless there is a plea of *non est factum.*

Code cited: Secs. 50, 2909.

FROM MADISON.

Appeal from the Law Court. H. W. McCORRY, Judge.

R. W. HAYNES for plaintiff.

M. M. BRIGHT for defendant.

DEADERICK, C. J., delivered the opinion of the Court.

McClanahan sued Brown upon a note signed by Brown by making his mark. No plea of *non est factum* was put in. The court allowed the note to be read to the jury, to which Brown excepted, upon the ground that the note was not so signed or subscribed, as to make him liable thereon. Judgment was rendered for plaintiff, and Brown has appealed. We are cited to section 50 of Code, which defines a number of words or terms therein used. In this section it is said "signature" or "subscription" includes a mark,

the name being written near the mark and witnessed; it means that this would constitute a "subscription," or "signature." But we do not understand the section to mean, that a party may not bind himself by a note, to which he makes his mark, or signs his initials, with the intent thereby to be bound. Defendant's name was signed, with his mark, to the note. Suit was brought upon the note, as the obligation of defendant; and even if it were a forged instrument, and purported to be signed by him, he could only contest its execution by him by plea sworn to. Code, sec. 2909. Edwards on Bills and Notes, says: "It is not necessary that a party should write his name on a note or under it to bind himself as endorser or maker; he may execute it as effectually by his initials, by figures, or a mark." Page 150. The defendant, in all such cases, has ample security against the claim, in the right, if he did not execute the note, to plead *non est factum,* and throw the burden of proof on plaintiff.

Affirm the judgment.